FILED - GR
May 3, 2011 3:16 PM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY mvs / ____ SCANNED BY KT 5|4|11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAL OSTROW,

    Plaintiff,

v.

SHERMETA, ADAMS &
VON ALLMEN, P.C.,

    Defendant.
_____/

1:11-cv-452
Robert Holmes Bell
US District Judge

**Complaint**

**I.   Introduction**

1.    This is an action for damages brought against a debt collector for violating the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, Michigan Collection Practices Act ("MCPA"), M.C.L. § 445.251 *et seq.*, and/or Michigan Occupational Code ("MOC"), M.C.L § 339.901 *et seq.*

**II.   Jurisdiction**

2.    This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. This Court has supplemental jurisdiction regarding plaintiff's state law claims under 28 U.S.C. § 1367. Venue in this judicial district is proper because the pertinent events took place here.

**III.   Parties**

3.    Plaintiff Hal Ostrow is a natural person residing in Kent County, Michigan. Mr. Ostrow is a "consumer" and "person" as the terms are defined and/or used in the FDCPA. Mr.

Ostrow is a "consumer," "debtor" and "person" as the terms are defined and/or used in the MCPA and MOC.

4. Defendant Shermeta, Adams & Von Allmen, P.C. ("Shermeta") is a Michigan professional corporation, doing business at 901 Tower Drive, Suite 400, Troy, Michigan 48098. The registered agent for Shermeta is Douglas H. Shermeta, 901 Tower Drive, Suite 400, Troy, Michigan 48098. Shermeta uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. Shermeta regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Shermeta is a "debt collector" as the term is defined and/or used in the FDCPA. Shermeta is a "regulated person" as the term is defined and/or used in the MCPA. Alternatively, Shermeta is a "collection agency" and a "licensee" as the terms are defined and/or used in the MOC.

IV. Facts

5. Mr. Ostrow had a credit account (No. **** **** **** 9976) with Capital One Bank (USA), N.A. ("Capone") which he used to purchase goods and/or services for personal, family and household purposes. Any resulting obligation to pay money was a "debt" as the term is defined and/or used in the FDCPA, MCPA and MOC.

6. Capone claimed that Mr. Ostrow failed to pay the alleged debt.

7. Mr. Ostrow disagreed with Capone regarding the alleged debt.

8. Mr. Ostrow has repeatedly disputed, and continues to dispute, the alleged debt.

9. Apparently, Capone hired Shermeta to collect the alleged debt from Mr. Ostrow.

10. By letter dated March 22, 2011, Shermeta wrote Mr. Ostrow, stated that it represented Capone, and requested payment of the alleged debt. The letter stated in pertinent

part, "If you notify us in writing, within thirty days after your receipt of this letter, that you dispute this debt, or any portion thereof, we will obtain verification of this debt and mail a copy of this verification to you." A copy of the letter is attached hereto as Exhibit A.

11. After March 22, 2011, Mr. Ostrow received the letter from Shermeta, a copy of which is attached hereto as Exhibit A.

12. On April 21, 2011, Mr. Ostrow faxed a letter to Shermeta, which stated in pertinent part: "Dear Shermeta, Adams & Von Allmen PC: I am in receipt of your March 22, 2011, correspondence regarding the above-referenced account. Please consider this correspondence my written request for you to validate this debt in writing and send me validation of the debt to the above address. Thank you.. Sincerely, Hal Ostrow." A copy of the letter is attached hereto as Exhibit B. A copy of the fax transmission verification is attached hereto as Exhibit C.

13. On April 21, 2011, Shermeta received by fax transmission, a copy of the letter that is attached hereto as Exhibit B.

14. The FDCPA states in pertinent part: "If the consumer notifies the debt collector in writing within the thirty-day period described in [15 U.S.C. § 1692g(a)] that the debt, or any portion thereof, is disputed, . . . the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt, . . . and a copy of such verification. . . . is mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(b).

15. Within the thirty-day period described in 15 U.S.C. § 1692g(a), Mr. Ostrow exercised his right under the FDCPA to require Shermeta to cease collection of the debt until after Shermeta had obtained verification of the debt and mailed a copy of such verification to Mr.

3

Ostrow.

16. Shermeta did not mail verification of the debt and mail a copy of such verification to Mr. Ostrow.

17. Shermeta did not cease collection of the debt.

18. On April 26, 2011, Shermeta continued its efforts to collect the debt, by filing a debt collection lawsuit on behalf of Capone and against Mr. Ostrow in the 61st District Court for the State of Michigan, Case No. 2011-GC-2122.

19. Shermeta violated the FDCPA and Michigan law by failing to mail Mr. Ostrow verification of the debt and continuing its efforts to collect the debt by filing a lawsuit against Mr. Ostrow.

20. The described acts and omissions of Shermeta and its employees done in connection with efforts to collect the alleged debt from Mr. Ostrow were done intentionally and wilfully.

21. Shermeta and its employees wilfully violated the FDCPA, MCPA and MOC.

22. As an actual and proximate result of the acts and omissions of defendant and its employees, plaintiff has suffered actual damages and injury, including but not limited to, pecuniary loss, fear, embarrassment, stress, mental anguish, emotional stress, and suffering for which he should be compensated in an amount to be established by jury and at trial.

**V.    Claims for Relief**

### Count 1– Fair Debt Collection Practices Act

23. Plaintiff incorporates the foregoing paragraphs by reference.

24. Defendant has violated the FDCPA. Defendant's violations of the FDCPA

include, but are not necessarily limited to, the following:

    a)      Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress and abuse plaintiff in connection with the collection of a debt;

    b)      Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt;

    c)      Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt; and

    d)      Defendant violated 15 U.S.C. § 1692g.

**Wherefore,** plaintiff seeks judgment against defendant for:

    a)      Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    b)      Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c)      Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

    d)      Such further relief as the court deems just and proper.

### Count 2– Michigan Collection Practices Act

25.      Plaintiff incorporates the foregoing paragraphs by reference.

26.      Defendant has violated the MCPA. Defendant's violations of the MCPA include, but are not necessarily limited to, the following:

    a)      Defendant violated M.C.L. § 445.252(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt;

    b)      Defendant violated M.C.L. § 445.252(f) by misrepresenting in a communication

with a debtor the following: (i) the legal status of a legal action being taken or threatened; and (ii) the legal rights of a creditor or debtor; and

c) Defendant violated M.C.L. § 445.252(q) by failing to implement a procedure designed to prevent a violation by an employee.

**Wherefore,** plaintiff seeks judgment against defendant for:

a) Actual damages pursuant to M.C.L. § 445.257(2);

b) Treble the actual damages pursuant to M.C.L. § 445.257(2);

c) Statutory damages pursuant to M.C.L. § 445.257(2); and

d) Reasonable attorney's fees and court costs pursuant to M.C.L. § 445.257(2).

### Count 3– Michigan Occupational Code

27. Plaintiff incorporates the foregoing paragraphs by reference.

28. Defendant has violated the MOC. Defendant's violations of the MOC include, but are not necessarily limited to, the following:

a) Defendant violated M.C.L. § 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt;

b) Defendant violated M.C.L. § 339.915(f) by misrepresenting in a communication with a debtor the following: (i) the legal status of a legal action being taken or threatened; and (ii) the legal rights of a creditor or debtor;

c) Defendant violated M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee; and

d) Defendant violated M.C.L. § 339.918.

**Wherefore,** plaintiff seeks judgment against defendant for:

a) Actual damages pursuant to M.C.L. § 339.916(2);

b) Treble the actual damages pursuant to M.C.L. § 339.916(2);

c) Statutory damages pursuant to M.C.L. § 339.916(2); and

d) Reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2).

## Demand for Trial by Jury

Plaintiff demands trial by jury.

Dated: May 3, 2011

_Rp c Rh_
Phillip C. Rogers (P34356)
Attorney for Plaintiff
40 Pearl Street, N.W., Suite 336
Grand Rapids, Michigan 49503-3026
(616) 776-1176
ConsumerLawyer@aol.com